STATE OF MAINE
PENOBSCOT, SS.



FILED & ENTERED
SUPERIOR COURT

MAR 11 2004

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. AP-03-19

AMM- PEN- 3/11/2004

JAMES McDONALD, Ph.D.,
        Appellant,

        v.

BOARD OF OSTEOPATHIC
LICENSURE,
        Respondent.

)
)
)
)
)
)
)
)
)

**DECISION AND JUDGMENT**

DONALD L.
LAW

APR 16 2004

## FACTS

The facts in this matter are not in dispute. The Respondent received a report from a psychiatrist pursuant to 24 MRSA §2506 suggesting that his female patient had engaged in a sexual relationship with her primary care physician. Such a relationship creates a presumption of incompetent and unprofessional conduct. See Regulations of Board of Licensure in Medicine, 02-383 C.M.R. Chapter 10, *Sexual Misconduct*. The Respondent is charged with the duty to investigate such misconduct upon the part of licensed physicians and impose disciplinary sanctions where appropriate. 24 MRSA §2506, 2510.

The Respondent's investigator interviewed the psychiatrist and patient regarding these allegations. Although the patient asserted that her psychiatrist had misunderstood her statements, the investigator learned that similar statements may have been made to the Appellant while she was in therapy with him.

The Respondent caused Appellant to be served with a subpoena requiring him to disclose any statements by his patient which related to the alleged sexual misconduct by her primary care physician. The Appellant reports that the patient has refused to authorize him to disclose any information to any degree. He filed a Motion to Vacate the subpoena which had been served earlier. The Respondent denied the motion and the Appellant filed the instant appeal.

## DISCUSSION

As a threshold matter, this court must determine whether the Respondent has the authority to act upon the Appellant's motion to vacate the subpoena. 5 MRSA §11007(4). At the heart of this issue is the fact that health care records are entitled to confidentiality by law and health care professionals are subject to ethical rules regarding the disclosure of such records. In determining the validity of the subpoena, the Respondent must necessarily consider the legal implications of these confidentiality laws and professional regulations.

Appellant argues that these issues are beyond the authority of the Respondent to interpret or apply. However, the Respondent's duties center upon complaints and reports regarding patient care in almost every instance. The Respondent must consider

issues of confidentiality and privilege in virtually every occasion when it obtains health care records by legal process. Pursuant to 5 MRSA §9060(1)(C), it must rule on motions to quash. Needless to say, the act of quashing a subpoena based upon issues of confidentiality and privilege requires interpretation of the legal issues raised thereby. The court finds little difficulty in concluding that the Respondent's denial of the motion to vacate the subpoena was well within its legal authority.

Rule 503 of the Maine Rules of Evidence creates a physician and psychotherapist/ patient privilege. This is a rule of evidence which is applied to administrative hearings by licensing boards pursuant to 5 MRSA §9057(1). The Rules of Evidence concern the admissibility of evidence at hearings. They establish parameters for the sources and availability of information to be submitted to the fact finder. They do not affect non-judicial matters such as investigations or preliminary evaluations. An agency or individual may acquire information which is not otherwise unavailable to them by law which could not be used in any court or adjudicative proceeding. Rule 503 does not prohibit such.

By contrast, statutory law creates rules of confidentiality which apply across the board to all matters. 22 MRSA §1711-C. However, these rules also create exceptions. 22 MRSA §1711-C (6)(F-2), (I) and (J). These exceptions are not taken lightly by the Legislature or the courts – they allow deviations from the rules which patients believe will render their conversations with their health care providers private and confidential. They create, in effect, a forced breach of the relationship between patient and doctor.

One circumstance which the Legislature has recognized as justifying the disclosure of confidential records and conversations occurs when there is cause to believe that a physician has committed incompetent or unprofessional conduct. The need to protect public in such instances overrides the individual's expectation of privacy (provided that the inquiry is limited and zealously protected from further disclosure).

The court is satisfied that 22 MRSA §1711-C does not create an overarching, presumptive psychotherapist/patient privilege which is not subject to exception The statute, by its own terms, anticipates that there are times when such material must be disclosed – including issues involving licensure. In the present matter, the subpoenaed matters fall clearly within the scope of the exceptions anticipated by the statute. The language of disclosure is not impermissibly vague. Nor is the Respondent's authority to issue process limited to the professionals it supervises.

Accordingly, the Appellant's appeal is denied. The matter is remanded to the Board of Osteopathic Licensure for further proceedings.

The Clerk may incorporate this Order upon the docket by reference.

Dated: March 11, 2004

Andrew M. Mead
JUSTICE, MAINE SUPERIOR COURT

Date Filed 7/31/03     PENOBSCOT     Docket No. AP-2003-19
County

Action 80C APPEAL

**ASSIGNED TO JUSTICE JEFFREY L. HJELM - RECUSED**

**RE-ASSIGNED TO JUSTICE ANDREW M. MEAD**

JAMES MCDONALD, Ph.D     Petitioner     VS. BOARD OF OSTEOPATHIC LICENSURE     Respondent

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| GROSS, MINSKY & MOGUL, P.A.<br>23 WATER ST SUITE 400 - P O BOX 917<br>BANGOR, ME   04402-0917<br>BY:   GEORGE C. SCHELLING, ESQ.<br>       RENEE L. INMAN, ESQ. | OFFICE OF THE ATTORNEY GENERAL<br>6 STATE HOUSE STATION<br>AUGUSTA ME   04333-0006<br>BY: CARMEN COULOMBE, AAG |

| Date of Entry | |
|---|---|
| 7/31/03 | James McDonald's Petition for Review of Final Agency Action Pursuant to M.R.Civ.P. 80C and 5 M.R.S.A. §§ 11001, et seq. {Exhibit A, B, & C attached) filed. |
| 8/5/03 | Notice of Assigned Justice filed.  Pursuant to Administrative Order, Single Justice Assignment of Civil Case, Docket No. SJC-323, the above referenced case is specially assigned to Justice Jeffrey Hjelm. Copy forwarded to attorneys for the Petitioner. |
| 8/13/03 | Entry of Appearance by Carmen L. Coulombe, AAG on behalf of the Maine Board of Osteopathic Licensure. |
| 8/22/03 | Certification of Administrative Hearing Record (State's Exhibits 1 - 5 attached) filed by Respondent. |
| 8/22/03 | Notice and Briefing Schedule 80C Appeal of Final Agency Actions filed. Copy forwarded to all attorneys of record. |
| 9/5/03 | Amendment to Certification of Administrative Hearing Record with Amended In and Exhibit 6 attached. |
| 9/26/03 | James McDonald's Brief in Support of Petition for Review of Final Agency Action Pursuant to 5 M.R.S.A. Sections 11001, et seq. and M.R.Civ.P 80C filed by Petitioner. |
| 10/23/03 | Brief of the Maine Board of Osteopathic Licensure and Addendum Section A and Section B attached filed. |
| 11/6/03 | Petitioner's Reply Brief filed. |
| 11/6/03 | Petitioner's Request for Hearing on Petition for Review of Final Agency Action filed. |